UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------
                                                  :
ERIKA SIMMONS,                                    :
                                                  :          CASE NO. 1:12-CV-2550
             Plaintiff,                           :
                                                  :
v.                                                :          OPINION & ORDER
                                                  :          [Resolving Doc. No. 1, 14, and 15]
CAROLYN COLVIN,                                   :
ACTING COMMISSIONER OF                            :
SOCIAL SECURITY,                                  :
                                                  :
             Defendant.                           :
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Magistrate Judge George J. Limbert recommends this Court affirm the Social Security Commissioner's denial of Disability Insurance Benefits ("DIB") to Plaintiff Erika Simmons.[1] Because substantial evidence supports the Administrative Law Judge's (AJL's) conclusions and the AJL did not abuse his discretion, the Court **ADOPTS** the recommendations of the Magistrate Judge and **AFFIRMS** the Commissioner's denial of benefits.

### I. Factual and Procedural Background

On December 22, 2010, Plaintiff Simmons filed an application for disability insurance benefits.[2] Simmons alleged disability began on April 9, 2010, due to schizophrenia, HIV, paranoia, lower back pain, and neck pain.[3]

---

[1] Doc. 14.
[2] Doc. 11 at 129.
[3] *Id.* at 195.

Case No. 1:12-CV-2550
Gwin, J.

On June 15, 2011, the Social Security Administration denied Simmons's application following initial review.[4] It denied the application again upon reconsideration on February 7, 2012.[5]

On May 14, 2012, ALJ Penny Loucas held a hearing to review Simmons's claim.[6] Plaintiff Simmons and a vocational expert testified at the hearing.[7] Simmons testified that she stopped working on April 9, 2010 because she was laid off.[8] She explained that she could not continue to work full-time because she was around so many people and it made her feel paranoid.[9] She also testified that she could not work now due to pain in her back.[10]

The ALJ thereafter questioned a vocational expert and presented hypothetical individuals to the vocational expert with various restrictions.[11] The vocational expert concluded that various jobs existed in the national economy that these hypothetical individuals could do.[12]

Based on the evidence presented at the hearing and in the record, the ALJ found Simmons was not disabled.[13] Plaintiff filed a request for review of the decision, but the Appeals Council denied the request.[14]

Plaintiff Simmons thereafter sought review in this Court. On January 28, 2014, Magistrate

---

[4] *Id.* at 95.
[5] *Id.* at 105.
[6] *Id.* at 34.
[7] *Id.*
[8] *Id.* at 39-41.
[9] *Id.* at 41.
[10] *Id.* at 42-43.
[11] *Id.* at 53-56.
[12] *Id.*
[13] *Id.* at 13.
[14] *Id.* at 5.

Case No. 1:12-CV-2550
Gwin, J.

Judge Limbert issued his Report and Recommendation. He recommends that this Court affirm the Commissioner's denial of disability insurance benefits.[15]

On February 7, 2014, Simmons objected to the Magistrate Judge's Report and Recommendation.[16]

## II. Legal Standard

To establish disability under the Social Security Act, a claimant must show that she is unable to engage in substantial gainful activity due to the existence of a "medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months."[17] Agency regulations establish a five-step sequential evaluation for use in determining whether a claimant is disabled.[18]

The Federal Magistrates Act requires a district court to make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which an objection is made. A final social security ALJ decision is not reviewed *de novo*. A district court only determines whether the ALJ's decision is "supported by substantial evidence and was made pursuant to proper legal standards."[19]

Substantial evidence is evidence that a "reasonable mind might accept as adequate to support

---

[15]Doc. 14.
[16]Doc. 15.
[17]42 U.S.C. § 423(d)(1)(A).
[18]*See* 20 C.F.R. § 416.920(a)(4)(i)-(v).
[19]*Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

Case No. 1:12-CV-2550
Gwin, J.

a conclusion."[20] The substantial evidence standard requires more than a scintilla, but less than a preponderance of the evidence.[21] When substantial evidence supports the ALJ decision, a court may not reverse, even if the court would have made a different decision than the ALJ.[22]

### III. Analysis

Plaintiff Simmons objects to the Magistrate Judge's conclusion that there is substantial evidence in the record to support the ALJ's mental residual functional capacity (RFC) assessment.[23]

The Court disagrees. For the below reasons, the Court overrules this objection and adopts the Magistrate Judge's Report and Recommendation in full.

**A. Drs. Katz and Lewin's Opinion**

Plaintiff says the ALJ erred by giving great weight to the opinions of state agency psychologists, Drs. Katz and Lewin, but failing to incorporate their conclusion that Plaintiff "would benefit from relatively close supervision" in her mental RFC determination.[24] Plaintiff concedes however, that the ALJ was not legally required to include this specific limitation in her mental RFC.[25]

Nonetheless, Plaintiff contends that there is not an accurate and logical bridge between the

---

[20]*Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Cole v. Astrue*, 661 F.3d 931, 937 (6th Dist. 2011).

[21]*Richardson*, 402 U.S. at 401.

[22]*Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987).

[23]Doc. 15 at 1.

[24]*Id.* at 2.

[25]*Id.* An ALJ is "not bound by any findings made by State agency or psychological consultants, or other program physicians or psychologists." 20 C.F.R. § 404.1527(e)(2)(i); *see also Smith v. Comm'r of Soc. Sec.*, 2013 WL 1150133 (N.D. Ohio, Mar. 19, 2013) (stating that there is no legal requirement for an ALJ to explain each limitation or restriction she adopts or, conversely, does not adopt from a non-examining physician's opinion, even when it is given significant weight).

Case No. 1:12-CV-2550
Gwin, J.

evidence and the ALJ's determination.[26] This is not true. The record shows Plaintiff Simmons is able to carry out very short and simple instructions; able to make simple work-related decisions; able to interact with the general public; and able to ask questions and accept instructions and criticisms.[27]

Furthermore, the Court agrees with the Magistrate Judge in noting that the language is not definitive that Plaintiff required close supervision. Rather, this was a suggestion, speculating that Plaintiff "would benefit" from supervision to provide "guidance and reassurance" as needed.[28]

As such, it was logical for the ALJ to conclude that Plaintiff could perform light work, with limitations including limiting Plaintiff to relatively simple instructions and making simple decisions, infrequent changes in routine in a predictable setting, two-hour work blocks of time for maintaining concentration, persistence or pace, and only occasional interaction with the public, coworkers and supervisors.[29]

**B. Dr. Konieczny's Opinion**

Plaintiff also says that the Magistrate Judge erred when he found the ALJ could give less weight to the opinion of Dr. Konieczny.[30]

Generally, an ALJ must give the opinion of a treating source controlling weight if he finds the opinion well-supported by medically acceptable clinical and laboratory diagnostic techniques and

---

[26] *Id.*
[27] Doc. 11 at 69-72; 86-88.
[28] *Id.* at 70, 87.
[29] *Id.* at 21.
[30] Doc. 15 at 2.

5

Case No. 1:12-CV-2550
Gwin, J.

not inconsistent with the other substantial evidence in the case record.[31] Conversely, a treating source's opinion may be given little weight if it is unsupported by sufficient clinical findings and is inconsistent with the rest of the evidence.[32] If an ALJ decides to give a treating source's opinion less than controlling weight, he must give sufficiently specific "good reasons" that allow subsequent reviewers to consider the weight given to the treating physician's opinion and the reasons for that weight.[33]

The ALJ gave "good reasons" for giving Dr. Konieczny's opinion less than controlling weight. She determined that Dr. Konieczny's opinion was inconsistent with the record evidence including the Plaintiff's positive response to relatively conservative treatment of counseling and medication.[34]

The record reflects that Plaintiff's treatment remained relatively consistent, even when she had increased symptoms.[35] Additionally, numerous progress notes from Murtis Taylor Center showed that Plaintiff had positive responses to treatment and positive objective findings were made.[36] Furthermore, Plaintiff reported no hospitalizations due to her schizophrenia during the relevant time period. Finally, the record reflects that Plaintiff lost her job to down-sizing rather than

---

[31] *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir.2004 ) (quoting 20 C.F.R. § 404.1527(d)(2)) (internal quotes omitted).

[32] *Bogle v. Sullivan*, 998 F.2d 342, 347–48 (6th Cir.1993 ).

[33] *See Wilson*, 378 F.3d at 544 (quoting S.S.R. 96–2p, 1996 WL 374188, at *5 (S.S.A.)).

[34] Doc. 11 at 24.

[35] *See id.* at 494. Plaintiff's medication has remained relatively consistent throughout the relevant time period. Additionally, her appointments with psychiatrists have decreased from one appointment every week, to one appointment every two weeks. *Id.* at 48.

[36] *See id.* at 320-324, 492-494, 605-607. Plaintiff additionally testified that the medications "help better." *Id.* at 48.

Case No. 1:12-CV-2550
Gwin, J.

her mental impairment.[37]  As shown above, the Court finds that substantial evidence supports the ALJ's determination to give Dr. Konieczny's opinion less than controlling weight.

### IV. Conclusion

The Court has reviewed the Magistrate Judge's other recommendations and finds them correct.  For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation of Magistrate Judge Limbert and **AFFIRMS** the Commissioner's denial of benefits.

IT IS SO ORDERED

Dated: March 12, 2014.	s/ *James S. Gwin*
	JAMES S. GWIN
	UNITED STATES DISTRICT JUDGE

---

[37]*Id.* at 213.  Even when asked why Plaintiff could not work now, she testified that it was due to the pain in her back.  *Id.* at 43.